IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN ADMIRALTY

| | |
|---|---|
| JOHN B. PICCHI, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No.: 06 193 (KAJ) |
| SUMMIT NORTH MARINA, Inc., | ) |
|       Defendant. | ) |

## MOTION TO DISMISS

Defendant Summit North Marina, Inc., moves, pursuant to the equitable doctrine of laches, to dismiss the above-captioned action. In support of this motion, the defendant states as follows:

1. The plaintiff John B. Picchi filed this action in the U.S. District Court for the District of Delaware in Admiralty on March 23, 2006. A copy of the complaint is attached as Exhibit A.

2. Plaintiff alleges that the defendant negligently caused damage to his boat on February 4, 2003, at the Summit North Marina located at 3000 Summit Harbor Place, Bear, Delaware.

3. Plaintiff filed his complaint more than three years after the alleged incident occurred.

4. A party succeeds in their laches defense if the Court finds "both an inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay." *Lasseigne v. Nigerian Gulf Oil Co.*, 397 F. Supp. 465,473 (D.C. Del. 1975).

5.  The burden of proof for a laches defense shifts to the plaintiff once the analagous state statute of limitations has run on the claim. *Wilkes v. H. M. Wrangell & Co.*, 293 F. Supp. 522,524 (D.C. Del. 1968).

6.  Pursuant to 10 *Del. C.* § 8107, "[n]o action to recover damages for injury to personal property . . . shall be brought after the expiration of two years from the accruing of the cause of such action."

7.  Plaintiff filed his complaint more than a year after the applicable Delaware statute of limitations had run on his claim and plaintiff now has the burden to show that such delay is not unreasonable and did not cause significant prejudice. *Lasseigne,* 397 F. Supp. at 473.

8.  After the running of the analogous statute of limitations, ". . . courts recognize and apply the logical inference that delay in suing has been both unreasonably long and injurious to the defendant." *Claussen v. Mene Grande Oil Company, C.A.*, 275 F.2d 108, 111 (D.C. Del. 1960).

9.  Plaintiff is fully responsible in his failure to bring suit within the statutorialy prescribed period and is unable to adequately explain this significant delay.

10. Plaintiff's delay in filing suit is particularly unreasonable and unjustified in light of the fact that, according to plaintiff's Rule 26 disclosures, plaintiff possessed a damage survey report, dated March 27, 2003, informing plaintiff of the preparer's opinion that a "puncture hole . . . is consistent with what would be expected . . . from ice being forced against the transom . . .".

11. Plaintiff's failure to bring this action in a timely manner greatly prejudices the defendant. The memories of those having relevant knowledge of this incident have likely dimmed over time. The defendant does not have the benefit of access to lost or subsequently

destroyed records due to this delay.

      WHEREFORE, for the reasons discussed above, defendant Summit North Marina, Inc., respectfully requests that the motion to dismiss be granted.

                                        Respectfully submitted,

                                        */s/ Stephen P. Casarino*
                                    STEPHEN P. CASARINO, ESQ.
                                    CASARINO, CHRISTMAN & SHALK, P.A.
                                    Del. Bar ID No. 174
                                    SARAH C. BRANNAN, ESQ.
                                    Del. Bar ID No. 4685
                                    800 N. King Street, Suite 200
                                    P.O. Box 1276
                                    Wilmington, DE 19899-1276
                                    (302) 594-4500
                                    Attorney for Defendant Summit North Marina, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN ADMIRALTY

| | |  |
|---|---|---|
| JOHN B. PICCHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 06 193 (KAJ) |
| v. | ) | |
| | ) | |
| SUMMIT NORTH MARINA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF MOTION**

TO: Lynne M. Parker, Esq.
Hollstein, Keating, Cattell, Johnson & Goldstein, PC
12th & Orange Street, Suite 730
One Commerce Center
Wilmington, DE 19801

PLEASE TAKE NOTICE THAT Defendant Summit North Marina, Inc.'s attached Motion to Dismiss will be presented at the convenience of the Court.

CASARINO, CHRISTMAN & SHALK, P.A.

  */s/ Stephen P. Cassarino*
STEPEHEN P. CASARINO, ESQ.
Del. Bar ID No. 174
SARAH C. BRANNAN, ESQ.
Del. Bar ID No. 4685
800 N. King Street, Suite 200
P.O. Box 1276
Wilmington, DE 19899-1276
(302) 594-4500
Attorney for Defendant

# EXHIBIT A

Case 1:06-cv-00193-MPT   Document 15-3   Filed 09/18/2006   Page 1 of 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2006 MAR 23  AM 10: 15

JOHN B. PICCHI
83 Forest Lane
Carneys Point, NJ 08069

        Plaintiff,

v.

SUMMIT NORTH MARINA, Inc.
3000 Summit Harbor Place
Bear, DE 19701

        Defendant

Civil Action No. 06 193 (KAJ)

## COMPLAINT IN ADMIRALTY

Plaintiff John B. Picchi ("Picchi"), by and through his attorneys, Hollstein Keating Cattell Johnson & Goldstein, PC, for his complaint in admiralty against defendant Summit North Marina, Inc., ("Summit") alleges as follows:

### PARTIES

1. Picchi is an individual resident in and a citizen of the State of New Jersey, with his residence at 83 Forest Lane, Carneys Point, NJ 08069.

2. Defendant Summit North Marina, Inc. ("Marina") is a commercial business operating a marina for vessels located at 3000 Summit Harbor Place, Bear, DE 19701.

### JURISDICTION

3. This is an admiralty and maritime action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This court has subject matter jurisdiction pursuant to 28 U.S.C. §1333.

{2188.00001:EVC2933}

## FACTS

4. Plaintiff Picchi was, at all times material hereto the owner of a Pacemaker Marine built 55' Aft Cabin Motor yacht built in or about 1971, registered in the State of Delaware, bearing Delaware Registration Number DL 3733 C (the "yacht").

5. In 2003, plaintiff Picchi leased a slip for the yacht at the defendant Marina. On February 1, 2003, Picchi paid the sum of $4950.00 for the annual slip rental.

6. On February 4, 2003, the yacht was located in its slip at the Marina, within the custody and control of the Marina insofar as the control and maintenance of the marina facility was concerned.

7. On February 4, 2003, the water in the Marina was substantially frozen, covered with ice several inches thick. The Marina was preparing to dredge the marina basin. In order for the dredging to be done, it was necessary for the Marina to break up the ice within the Marina.

8. To break the ice, the Marina assigned an employee to operate an outboard motor powered skiff that had been rigged with a reinforced bow for use as an "icebreaker".

9. To accomplish the ice breaking, the marina employee would ram into the ice and ride up onto the surface, the weight of the boat then breaking the ice. The employee would then back off and repeat this operation.

10. The repetition of this "ice breaking" pushed ice away from the boat and to the sides.

11. The employee did not take care that sections of the broken ice were not pushed into the vessels which were moored in their slips at the marina.

12. As a direct and foreseeable result of the ice breaking activities, a large piece of ice was negligently pushed into the stern transom of the yacht by the Marina employee and punched a hole in it.

{2188.00001:EVC2933}

2

13. The transom of plaintiff's yacht was constructed of mahogany, in excess of 1 inch thick, fastened to white oak frames. The transom was in good condition and was not subject to any defect or leakage.

14. The hole punched in the transom of the yacht measured 5 ½ inches high and 7 ½ inches long.

15. Water began to enter the yacht through this hole and overwhelmed the bilge pump located on the yacht.

16. At approximately 0900 on the morning of February 4, the Marina called plaintiff and informed him that his yacht was sinking.

17. Notwithstanding having negligently caused the damage to the yacht, the Marina compounded its negligence in failing to take any action to place additional pumps on the yacht, to control the flooding, or to take any steps at all to stem the flooding of water into the yacht.

18. By reason of the negligence of defendant Marina, plaintiff's yacht sank in its slip and became a total constructive loss. The value of the yacht, prior to its sinking and becoming a constructive total loss was $140,000.00.

19. As a result of the sinking of the vessel in its slip at the Marina, due to the negligence of the Marina, plaintiff Picchi has sustained other damages in incurred charges which total, as far as can be presently ascertained, in the amount of $117,363.00.

WHEREFORE, plaintiff Picchi demands judgment against defendant Summit North Marina, Inc., in the amount of $257,363.00, plus interest, attorneys fees, costs, and such other and further relief as may seem just and proper to this Honorable Court.

                HOLLSTEIN KEATING
CATTELL JOHNSON & GOLDSTEIN, PC

By: _____
Lynne M. Parker, Esq. (No. 2811)
1201 North Orange Street, Suite 730
Wilmington, Delaware 19801
Phone: (302) 884-6700
Fax:   (302) 573-2507
Attorneys for Plaintiff John B. Picchi

Dated: March 22, 2006

Of Counsel:

Edward V. Cattell, Jr., Esquire
Hollstein Keating Cattell, Johnson & Goldstein, PC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 320-3260

{2188.00001:EVC2933}

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN ADMIRALTY

| | | |
|---|---|---|
| JOHN B. PICCHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 06 193 (KAJ) |
| v. | ) | |
| | ) | |
| SUMMIT NORTH MARINA, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

\_\_\_\_\_IT IS HEREBY ORDERED THIS \_\_\_\_ day of _____ 2006, that defendant Summit North Marina, Inc.'s motion to dismiss is GRANTED.

_____J._____

CERTIFICATE OF SERVICE

      I, STEPHEN P. CASARINO, hereby certify that I have caused to be e-filed and deposited in the U.S. Mail, postage prepaid, the    18th    day of September, 2006 a true and correct copy of the attached Motion to Dismiss, addressed to:

Lynne M. Parker, Esq.
Hollstein, Keating, Cattell, Johnson & Goldstein, PC
12th & Orange Street, Suite 730
One Commerce Center
Wilmington, DE 19801

    CASARINO, CHRISTMAN & SHALK, P.A.

    */s/ Stephen P. Casarino*
    STEPHEN P. CASARINO, ESQ.
    Del. Bar ID No. 174
    SARAH C. BRANNAN, ESQ.
    Del. Bar ID No. 4685
    800 N. King Street, Suite 200
    P.O. Box 1276
    Wilmington, DE 19899-1276
    (302) 594-4500
    Attorney for Defendant