## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOHN B. PICCHI             :
              Plaintiff,    :
                        :    Civil Action No. 06 - 193 (KAJ)
v.                         :
                        :
SUMMIT NORTH MARINA, Inc.    :
              Defendant    ;

## CERTIFICATION OF PLAINTIFF JOHN B. PICCHI

John B. Picchi, hereby certifies as follows:

1. I am an adult individual residing at 83 Forest Lane, Carneys Point, NJ 08069.

2. I am the plaintiff in the above captioned matter, and make the following statements under penalty of perjury.

3. On February 4, 2003, my vessel, the CHRISTINA MARIE, sank at its berth at the defendant Summit North Marina.

4. On that date, my wife was contacted by an employee of Summit North, Janice Trala, who told us the vessel was sinking. Despite placing the call, defendant took no action to stop this sinking.

5. After the vessel was raised, it was clear that the incident occurred because ice had been pushed through the transom. There was large hole in the 1" mahogany wood transom, 5 ½ inches high and 7 ½ inches long.

6.  I had been told by other slip owners, as well as the divers, that the young man breaking ice at the Marina with an improvised ice-breaker, was pushing sheets of ice into the berthed vessels all over the marina.

7.  I immediately retained an attorney, Angelo Falciani, Esquire, and put the Marina on notice of my intent to hold them responsible.

8.  Mr. Falciani exchanged correspondence with Summit North Marina, its attorneys, and its insurers in March through May of 2003.

9.  Attached as Exhibit "A" is Mr. Falciani's March 25, 2003 letter informing Summit of his representation, and telling them to put their insurance carrier on notice of his representation.

10. Attached as Exhibit "B" is Mr. Falciani's letter to Attorney Darrel Baker on May 12, 2003, giving Summit's carrier permission to inspect and survey the vessel.

11. At this time, it was my understanding that Mr. Falciani was representing us with respect to our claim, and was either going to refer the case to Delaware counsel, or file suit on our behalf if the matter could not be resolved.

12. In September of 2005, Mr. Falciani informed me, under his ethical obligations as an attorney, that he had (in his opinion) failed to file the suit in Delaware, or have the suit filed in Delaware, within what he believed was the applicable "statute of limitations".

13. At that time, based upon Mr. Falciani's representation, I sought an attorney to represent me in a malpractice action against Mr. Falciani.  I retained Daniel S. Sweetser, Esquire.

14. Mr. Sweetser informed me that since this was a Maritime action, the "statute of limitations" did not apply *per se*, and that before we could proceed with a malpractice action, we would need to proceed in admiralty to determine the continued viability of the suit under the laches doctrine.

15. I consulting a Delaware Maritime attorney who could not take my case due to a potential conflict, and who referred me to Edward V. Cattell, Esquire and Lynne Parker, Esquire at Hollstein Keating Cattell Johnson & Goldstein, who agreed to pursue the matter on my behalf.

16. Hollstein Keating reviewed the file and drafted and filed the Complaint in March of 2006.

I hereby certify that all of the statements contained herein are true and correct based upon my personal knowledge, information and belief. I am aware that I am subject to punishment for perjury if any statement made by me is knowingly false.

John B. Picchi

Date: 9-28-06

{2188.00001:PJM0031}

LAW OFFICES
OF
# ANGELO J. FALCIANI, L.L.C.
A LIMITED LIABILITY COMPANY
35 SOUTH BROAD STREET
P.O. BOX 379
WOODBURY, NEW JERSEY 08096
PHONE: (856) 845-8333
FAX: (856) 845-9441
E MAIL: johnfalciani@att.net

A.  JOHN FALCIANI*
        *MEMBER OF NJ AND PA BARS

File № JF-3432

March 25, 2003

Summit North Marina
3000 Summit Harbor Place
Bear, Delaware 19701

*VIA REGULAR U.S.P.S. MAIL &*
*FAX: (302) 836-3647*

Re: John B. & Christine M. Picchi

Dear Sir/Madam:

This letter is to follow-up my phone call yesterday to notify you that I represent Mr. and Mrs. Picchi in regard to the loss of their boat earlier this year. I understand that you have been trying to reach the Picchis. I now ask that you please send any correspondence you have for them to my attention and call me in the event you need an immediate answer.

At the same time, please accept this letter of representation on behalf of the Picchis. We would ask that you kindly forward it to your insurance agent or carrier in regard to the loss that we are investigating at this time. If you or your representative have any questions, I ask that any questions now be directed to my attention.

Lastly, I understand from the Picchis that the boat is still at your premises. This letter is to request that the boat not be removed, modified or inspected without at least 48 hours notice to us so that we may be present in regard to any inspection so as to preserve the boat as evidence in this case for any party to examine in the future.

If you have any question concerning this request, I ask that you please contact me immediately.

Thank you.

Very truly yours,

A. John Falciani

A. John Falciani

JF:jnb
Enclosures
cc:     John B. & Christine M. Picchi
          Ben T. Castle, Esq.

EXHIBIT B

LAW OFFICES
OF
# ANGELO J. FALCIANI, L.L.C.
A NEW JERSEY LIMITED LIABILITY COMPANY
35 S. BROAD STREET
P. O. BOX 379
WOODBURY, NEW JERSEY 08096-4675
(856)845-8333
FAX (856)845-9441
E.Mail: johnfalciani@att.net

*MY FILE #:JF-3432*

ANGELO JOHN FALCIANI .I.
.I. MEMBER NJ AND PA BARS

May 12, 2003

Darrell Baker, Esq.
1st Federal Plaza
Suite 600
702 King Street
Wilmington, Delaware 19801

*VIA REGULAR U.S.P.S. MAIL*
*& FAX: (302) 658-1473*

**Re: Our Client: John Picchi**
**Date of Incident: March 3rd, 2003**
**Summit North Marina, Inc.**

Dear Mr. Baker:

This letter is to follow-up our conversation on May 9, 2003. I understand that an expert from the marina's carrier will inspect the boat of Mr. Picchi later this week.

This letter is to warrant that your carrier's representative has authority to enter the boat, and Mr. Picchi will hold him harmless for any accidental damage caused in the inspection.

I ask that we please be notified once the inspection is complete so that any report of damage may be made known to us immediately.

Thank you.

Very truly yours,

A. JOHN FALCIANI

A. John Falciani

JF:jnb
cc:    Janice, Summit North Marina, *via rm and FAX: (302) 836-3647*
       Mr. and Mrs. Picchi

G:\ACLYN RIGER\ADMIRALTY CASES\PICCHI, JOHN, JF-3432\05.12.03 LETTER TO BAKER.DOC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| JOHN B. PICCHI | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06 - 193 (KAJ) |
| v. | : | |
| | : | |
| SUMMIT NORTH MARINA, Inc. | : | |
| Defendant | ; | |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Certification of John Picchi was served using CM/ECF which will send notification of such filing to, and by United States mail, postage prepaid, this 2nd day of October, 2006, to:

| | |
|---|---|
| Stephen P. Casarino, Esquire<br>800 North King Street<br>Suite 200<br>PO Box 1276<br>Wilmington, DE 19899 | |

**HOLLSTEIN KEATING**
**CATTELL JOHNSON & GOLDSTEIN, PC**

By: _____
Patrick J. McStravick

Dated:  October 2, 2006